JOURNAL ENTRY AND OPINION
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1). *Page 3 
{¶ 1} Appellant Roy Fitzer appeals the sentence imposed after he pled no contest to the indictment. Fitzer assigns the following errors for our review:
 "I. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(E)(4)."
 "II. The trial court erred when it sentenced appellant to a maximum sentence without making the appropriate findings."
 "III. The trial court erred when it sentenced appellant to prison time on RVO specifications after the Ohio Supreme Court in State v. Foster declared RVO specifications unconstitutional."
 "IV. Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article 1, of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Fitzer's conviction and sentence; the sentence is compliant with State v.Foster.[1] The apposite facts follow.
 Post State v. Foster Plea and Sentence {¶ 3} On March 29, 2006, Fitzer pleaded no contest to two separate indictments and the trial court sentenced him to 26 years on the charged indictments and 8 years total on the repeat violent offenders (RVO) specifications charged in each indictment. He received five (5) years on the first indictment and three (3) years on the second. The trial court sentenced him on April 29, 2006, two months *Page 4 
after the Ohio Supreme Court decided State v. Foster,[2] which was February 27, 2006.
 {¶ 4} Fitzer raises several arguments regarding his sentence. We will review the third assigned error first and out of numerical sequence.
 RVO Specification After State v. Foster {¶ 5} Roy Fitzer argues that the Repeat Violent Offender (RVO) specification is unconstitutional under State v. Foster and, thus the trial court erred when it accepted his plea to the RVO specification and erred when it sentenced him to additional prison time under the RVO specification. Fitzer asked this court to vacate the entire sentence[3] and remand for resentencing. We disagree and affirm the actions of the trial court both as to the plea and sentence.
 {¶ 6} In State v. Foster syllabus 6, the Ohio Supreme Court held: "R.C. 2929.14(D)(2)(b) and (D)(3)(b) are capable of being severed. After the severance, judicial factfinding is not required before imposition of additional penalties for repeat violent offender and major drug offender specifications. (United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621, followed.)" We read this to mean that only the offending portion of R.C. 2929.14(D)(2)(b) is severed. Consequently, the imposition of an additional penalty for the RVO violation is *Page 5 
constitutional. Thus, a judge may impose an additional one-to-ten year sentence on an RVO specification without judicial fact-finding. Consequently, this case is Blakely-Booker-Foster compliant. Accordingly, we overruled Fitzer's third assigned error.
 Consecutive and Maximum Sentences {¶ 7} In the first and second assigned errors, Fitzer argues the trial court erred when it imposed consecutive and maximum sentences without making the appropriate findings. We disagree.
 {¶ 8} In State v. Foster,[4] the Ohio Supreme Court determined that sentencing statutes which provide for judicial fact-finding violate the accused's right to a jury trial as set forth in Apprendi v. NewJersey[5] and Blakely v. Washington[6] The court severed parts of various statutes which required judicial fact finding. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing maximum, consecutive, or more than the minimum sentences.[7]
 {¶ 9} Here, the record reveals Fitzer was sentenced on April 29, 2006, approximately two months after Foster. Thus, in accordance with the Ohio Supreme Court's pronouncements in Foster, the trial court was not obligated to give reasons *Page 6 
or findings prior to imposing consecutive or maximum sentences. Accordingly, we overrule the first and second assigned errors.
 Ineffective Assistance of Counsel {¶ 10} In the fourth assigned error, Fitzer argues defense counsel was ineffective for allowing him to plead no contest to the indictment. We disagree.
 {¶ 11} We review a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington[8] UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.[9] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings
 {¶ 12} would have been different.[10] Judicial scrutiny of a lawyer's performance must be highly deferential.[11]
 {¶ 13} In the instant case, despite Fitzer's assertions that defense counsel was ineffective for allowing him to plead no contest to the indictment, the record before us belies these assertions. The record indicates that Fitzer decided to plead no *Page 7 
contest moments before the trial was scheduled to begin. Prior to Fitzer entering the plea, his defense counsel stated the following:
 "Mr. Mullins: Thank you, your Honor. My client has been locked up on these charges. It's his decision to enter no contest pleas to this matter in order to help resolve and to get on with sentencing at the earliest possible date. He has been locked up in County for a number of months, 5 plus, your Honor. It's my opinion after a lot of negotiating and talking and pretrial and over and over that my client is making his decision this afternoon to plead as stipulated knowingly, voluntarily, intelligently of his own free will. And we are ready to proceed."[12]
 {¶ 14} Thereafter, the trial court personally addressed Fitzer as to his plea of no contest and the consequences thereof. The record reflects that Fitzer responded upon questioning that he understood the plea proceedings and understood the consequences of entering a plea of no contest.
 {¶ 15} Further, the record indicates that the state offered Fitzer the opportunity to testify against his co-defendant in exchange for a more favorable sentence, but
 {¶ 16} Fitzer elected not to do so.[13]
 {¶ 17} Finally, at sentencing, Fitzer indicated his motivation for pleading no contest to the indictment. At the sentencing hearing, Fitzer stated: "I just want to apologize to the Court and ask for some mercy and hopefully have some life left in me. Forty years, it's almost like a death sentence. I didn't go no trial or nothing. I just pled out hoping for something from the judge." *Page 8 
 {¶ 18} Under the totality of the circumstances, Fitzer's no contest plea to the indictments was knowingly, intelligently and voluntarily entered. A review of the record fails to disclose that defense counsel's performance was flawed or deficient, resulting in prejudice to Fitzer. On the contrary, the record reveals that defense counsel worked diligently to minimize Fitzer's exposure to a lengthy prison term. We conclude that Fitzer was not denied the effective assistance of counsel. Accordingly, we overrule the fourth assigned error.
 CR-473677 and CR-478602 {¶ 19} A review of the record indicates that the trial court's journal entries pertinent to the cases which led to the instant appeal, contains clerical errors. In Case No. CR-473677, the trial court included an additional count for having a weapon while under disability, for which Fitzer was never indicted. Additionally, in Case No. CR-478602, the trial court referenced Count Number 8 instead of Count Number 7. These errors do not affect the instant appeal, however, we vacate the conviction and sentence for the additional count in Case No. CR-473677. We also order the trial court to correct the journal entry in Case No. CR-478602 to reference Count Number 7, instead of Count Number 8.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J. and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] 109 Ohio St.3d 1, 2006-Ohio-856.
[2] The record shows that on both the underlying offenses Fitzer received the longest or maximum term before the trial court sentenced him on the RVO specification. He received the maximum term of ten years on both cases.
[3] Recently, in State v. Evans, 2007-Ohio-861, the Ohio Supreme Court held the sentencing package doctrine is not applicable in Ohio.
[4] 109 Ohio St.3d 1, 2006-Ohio-856.
[5] (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
[6] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[7] Foster, supra.
[8] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[9] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[10] Id. at paragraph two of syllabus.
[11] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[12] Tr. at 12-13.
[13] Tr. at 55. *Page 1