JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Roy Fitzer has filed a timely application for reopening pursuant to App.R. 26(B). Fitzer is attempting to reopen the appellate judgment that was rendered in State v. Fitzer, Cuyahoga App. No. 88177,2007-Ohio-2496, which affirmed his conviction for the offenses of aggravated burglary, aggravated robbery, kidnapping, attempted murder, intimidation, and having weapons while under disability. We decline to reopen Fitzer's appeal.
 {¶ 2} The doctrine of res judicata prevents this court from reopening Fitzer's appeal. Errors of law that were previously raised through an appeal are barred from further review based upon the operation of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of counsel will be barred by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 3} In the case sub judice, Fitzer argues that his appellate counsel was ineffective by failing to argue that the trial court violated his state and federal due process rights by retroactively applying changes to Ohio's sentencing statutes as adopted by the Supreme Court of Ohio inState v. Foster, 109 Ohio St.3d 1, 2007-Ohio-2496, 845 N.E.2d 470. Specifically, Fitzer raises the following issue in support of his claim of ineffective assistance of appellate counsel: "State v. Foster's *Page 4 
elimination of beneficial sentencing presumptions cannot be retroactively applied to defendant's [sic] whose criminal conduct predated the Foster decision."
 {¶ 4} Fitzer did file an appeal with the Supreme Court of Ohio and raised three propositions of law, which involved the issues of repeat violent offender penalty enhancements, the retroactive application of the elimination of beneficial sentencing presumptions vis-a-visFoster, and ineffective assistance of appellate counsel by failing to argue on appeal that appellant's due process rights were violated by the retroactive application of substantially disadvantageous sentencing provisions. On October 31, 2007, the Supreme Court of Ohio denied Fitzer leave to appeal and dismissed his appeal on the basis that it did not involve any substantial constitutional questions of law. See State v.Fitzer, 115 Ohio St.3d 1473, 2007-Ohio-5735, 875 N.E.2d 627. Since the issue presently raised by Fitzer was raised on appeal to the Supreme Court of Ohio, res judicata bars any further litigation of the issue.State v. Dehler, 73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987;State v. Terrell, 72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353,State v. Crotts, Cuyahoga App. No. 81477, 2006-Ohio-1099, reopening disallowed (Mar. 6, 2006), Motion No. 376246; State v. Loyed, Cuyahoga App. No. 83075, 2004-Ohio-3961, reopening disallowed (Apr. 27, 2005), Motion No. 365802; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v.Dehler, supra; State v. Terrell, supra. *Page 5 
 {¶ 5} It must also be noted that this court has firmly rejected the issue presently raised by Fitzer. In State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, we held that the elimination of beneficial sentencing presumptions could be retroactively applied to a defendant whose criminal conduct predated the Foster decision.
 {¶ 6} Application for reopening is denied.
 JAMES J. SWEENEY, J., and COLLEEN CONWAY COONEY, J., CONCUR. *Page 1