JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Michael Ingram ("defendant"), appeals from the trial court's denial of his recent post-sentence motion to withdraw his guilty plea that he entered in January 2004. The sole basis of defendant's motion was his claim that his attorney provided him ineffective assistance of counsel by allegedly misinforming him about the potential sentencing consequences of the major drug offender specification. On appeal, defendant asserts that his plea was also not knowing, voluntary, or intelligent due to the court's alleged failure to inform him at the plea hearing about the provisions of postrelease control; that he received ineffective assistance of counsel as previously stated; and that the trial court erred by denying his post-sentence motion to withdraw his guilty plea. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} Defendant's indictment charged him with two counts of drug trafficking with major drug offender specifications; drug possession with a major drug offender specification; and one count of possessing criminal tools. On January 20, 2004, the defendant pled guilty to an amended indictment as follows, one count of trafficking crack cocaine in violation of R.C. 2925.03 in an amount equaling or exceeding 100 grams, a felony of the first degree, that carried a mandatory term of ten years incarceration. The State placed on the record the fact that "[b]y deleting the major drug offender specification there is one to ten years additionally that [the State was] removing from the possibility of [defendant's] sentence." The remaining counts *Page 4 
were dismissed. Defendant now appeals asserting three assignments of error for our review.
 {¶ 3} "I. The appellant did not knowingly and voluntarily waive his rights as required by Crim. R. 11, O.R.C. 2943.032 and O.R.C. 2967.28
with full knowledge of the maximum postrelease sentence that could be imposed."
 {¶ 4} The State contends that defendant's first assignment of error is not properly before this Court as it was not raised in the motion that is the subject of this appeal. The record supports this contention. The motion did not raise the issue of postrelease control, which was not considered or addressed by the trial court's denial of the motion and is, therefore, not properly before this Court. See State v. Spears (May 26, 2000), Lucas App. No. L-99-1338, citing Van Camp v. Riley (1984), 16 Ohio App.3d 457, 476. Accordingly, it is overruled.
 {¶ 5} The remaining two assignments of error are interrelated and will be addressed together for ease of discussion.
 {¶ 6} "II. The trial court erred in failing to find the appellant's assigned counsel was ineffective, which denied appellant his constitutional right to legal representation.
 {¶ 7} "III. The trial court erred in failing to grant appellant's motion to withdraw his plea of guilty."
 {¶ 8} A motion to withdraw a guilty plea is governed by the standards set forth in Crim. R. 32.1, which states: *Page 5 
 {¶ 9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261. This Court has stated that "[a] manifest injustice is defined as a `clear or openly unjust act.' * * * `an extraordinary and fundamental flaw in the plea proceeding.' Again, `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502.
 {¶ 11} "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, supra at paragraph 2 of the syllabus.[1] Our review is limited such that we cannot *Page 6 
reverse the trial court's denial of the motion unless we find that the ruling was an abuse of discretion. Id.
 {¶ 12} The trial court need not hold an evidentiary hearing on the post-sentence motion to withdraw a guilty plea if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v. Russ, Cuyahoga App. No. 81580, 2003-Ohio-1001 (citations omitted).
 {¶ 13} "The trial court cannot grant a motion to withdraw a plea based upon an affidavit which directly contradict[s] the record." State v.Yearby (Jan. 24, 2002), Cuyahoga App. 79000, citing State v.Winters (July 20, 1998), Licking App. No. 97CA144.
 {¶ 14} The basis of defendant's motion to withdraw his guilty plea is contained in defendant's affidavit that was attached to the motion which avers that he received ineffective assistance of counsel regarding the potential sentencing consequences if he were found guilty of the charges and specifications contained in his indictment.
 {¶ 15} To establish a claim of ineffective assistance of counsel, defendant must show two components: "`(1) that counsel's performance was deficient' and (2) `that the deficient performance prejudiced the defense.'" State v. Kole, 92 Ohio St.3d 303, 2001-Ohio-191, quotingStrickland v. Washington (1984), 466 U.S. 668, 687. However, appellate review of counsel's performance must be highly deferential. Id. There is a strong presumption that counsel's performance *Page 7 
constituted reasonable assistance. State v. Foust, 105 Ohio St.3d 137,151, 2004-Ohio-7006, ¶ 79.
 {¶ 16} The sole ground cited by defendant in his motion to withdraw his guilty plea (the "motion") was his belief that his trial counsel provided "inadequate/erroneous legal advice" concerning the potential sentencing consequences of the major drug offender specification in his indictment. Defendant admitted in the motion that his attorney "read the section of the [major drug offender] statute" to him. The record shows that defendant is substantially educated and received at least two years of college education. During the plea hearing, the State explained that if defendant pled guilty to R.C. 2925.03, in an amount of crack cocaine that equaled or exceeded 100 grams, as charged, it required imposition of a mandatory term of ten years incarceration. In addition, the State explained that by deleting the major drug offender specification, the State was removing one to ten years of additional prison time from defendant's possible sentence.
 {¶ 17} When the trial court inquired of defendant whether he had any questions, he responded, "No. I'm aware of everything." Defendant further confirmed that he had discussions with his attorney and was satisfied with his representation. Defendant denied that anyone made any threats or promises to him in order to secure his plea.
 {¶ 18} In his motion, defendant states he was told that he could receive up to an additional ten years of consecutive time to the mandatory ten-year prison *Page 8 
sentence if he were found guilty of drug trafficking and the major drug offender specification contained in his indictment. This was true at the time defendant was sentenced. It is, however, defendant's belief that the subsequent decision by the Ohio Supreme Court in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which excised R.C. 2929.14(D)(3)(b) changed this fact. Defendant is mistaken. The advice defendant received pre-Foster concerning the potential sentencing impact of the major drug offender specification remains true under the current state of the law. See State v. Hunter, Cuyahoga App. No. 89456,2008-Ohio-794, ¶ 22, quoting State v. Fitzer, Cuyahoga App. No. 88177,2007-Ohio-2496, ¶ 6, which, in turn, relied on and quoted State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, syllabus 6, that holds:
 {¶ 19} "R.C. 2929.14(D)(2)(b) and (D)(3)(b) are capable of being severed. After the severance, judicial factfinding is not required before imposition of additional penalties for repeat violent offender and major drug offender specifications. (United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, followed.)"
 {¶ 20} In Fitzer and Hunter, this Court held that the imposition of the additional penalties is constitutional and determined that a judge may impose an additional one-to ten-year sentence on a repeat violent offender specification without judicial fact-finding, which logic would apply equally to the major drug offender specifications. Accordingly, defendant's trial counsel provided him with correct legal advice under both the law that existed at the relevant time as well as under the current state of the law, which was that as indicted under count one he faced a *Page 9 
possible prison sentence of up to 20 years. Therefore, defendant's claim of ineffective assistance of counsel is without merit and is overruled.
 {¶ 21} Since defendant's motion to withdraw his guilty plea was premised entirely upon his mistaken belief that he received ineffective assistance of counsel as set forth above, it is also without merit and the trial court did not err by denying it without a hearing.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and MARY J. BOYLE, J., CONCUR
[1] "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." State v.Caraballo (1985), 17 Ohio St.3d 66, 67, citing State v. Peterseim
(1980), 68 Ohio App.2d 211, 213, quoting Kadwell v. United States (C.A. 9, 1963), 315 F.2d 667. *Page 1