[Cite as *State v. Copley*, 2018-Ohio-1506.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106053

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### GREGORY COPLEY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612252-A

**BEFORE:**    Blackmon, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**    April 19, 2018

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
400 Terminal Tower
50 Public Square
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Timothy Troup
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}    Defendant-appellant, Gregory Copley ("Copley"), appeals from the denial of his motion to vacate his no contest plea to aggravated robbery and other offenses.  He assigns the following errors for our review:

I.    The trial court erred when it denied Copley's pre-sentence motion to withdraw his no contest pleas.

II.   The trial court erred when it denied Copley's motion to disqualify appointed counsel.

III.  Copley was denied his right to effective assistance of counsel as guaranteed to him by the Sixth Amendment to U.S. Constitution, and Article 1, Section 10 of the Ohio Constitution.

{¶2}    Having reviewed the record and pertinent law, we affirm the trial court's decision.  The apposite facts follow.

{¶3}    Copley, Alijah Lee ("Lee"), and Charles Summers ("Summers"), were indicted in connection with the December 5, 2016 armed robbery at Rascal House Pizza in Euclid, Ohio. As is relevant herein, Copley was charged with aggravated robbery, robbery, kidnapping, attempted safecracking, receiving stolen property, two counts of carrying a concealed weapon, improperly handling firearms in a motor vehicle, and having a weapon while under disability. The offenses of violence also contained one-year and three-year firearm specifications and a notice of prior conviction alleging that Copley was convicted of robbery in 2010.  The safecracking charge also contained firearm specifications.

{¶4}    Counsel was assigned to represent Copley.  He obtained discovery and supplemental discovery.  Thereafter, on March 21, 2017, Copley pled no contest to the indictment.  His trial counsel stated that he had discussed "the facts and circumstances" to

Copley and "based upon the State of Ohio's offer here, we have no choice but to enter a no contest plea." The court conducted a Crim.R. 11 colloquy that included the potential sentence for each offense, and also explained that by entering a no contest plea, the court could proceed directly to sentencing. The prosecuting attorney stated as follows on the record:

[T]he case essentially involves three codefendants. Mr. Copley and Alijah Lee entered the Rascal House Pizza out in Euclid. They brandished firearms. They came through a side door, brandished firearms. A victim named Dwight Knipe, the manager of the store, was seated in the office. The gun was pointed at him at which point he fell out of his chair. He was basically backed into a corner clearly looking for a means of escape. He did not find a means of escape. This was captured on video. Also Dwight Knipe made statements to the police. He was ordered to open the safe. The safe was on a time lock, so he was unable to open the safe. He tried to call the owner of the store to get the code for the safe and was unsuccessful in that. Another employee followed the two defendants as they fled to a car driven by Charles Summers. That car then was intercepted by Euclid police. They ended up turning the wrong way down an off ramp onto the Shoreway there where they were apprehended. When the police searched the car, they found the latex gloves, the clothing, the cell phones, and they also found two firearms underneath the front passenger seat.

{¶5} Defense counsel explained to the court that Copley was not the "quarterback" of the offense, and that he confessed to police and apologized in a videotaped statement.

{¶6} Shortly before sentencing, Copley filed pro se motions to vacate the no contest plea and to disqualify his counsel. During a hearing on these issues, Copley stated that he did not

understand that he was pleading to all charges, and believed he faced six-to-nine years imprisonment. At the time of the hearing, defendant's trial counsel was in a domestic relations hearing and he sent another attorney to attend on his behalf. The trial court demanded that the original defense counsel appear for the hearing, and he did so after a brief delay.

{¶7} Defense counsel informed the court that the state's pretrial position in the matter was that it would amend the charges only if the defendant agreed to serve fourteen years of imprisonment. Defense counsel stated that, in his opinion, a no contest plea created the possibility of Copley receiving a shorter sentence than that offered by the state. Additionally, defense counsel stated that Copley had confessed and apologized to police, and due to the evidence, which also included identification and "empirical evidence," he believed that it would be "impossible" to obtain a defense verdict. As a result, his "tactic" was to plead no contest.

{¶8} The court stated that Copley was advised of the full range of penalties during the plea and was not informed that he faced a maximum of nine years, in light of the numerous charges and specifications. The court merged the convictions on Counts 3 and 4 into Count 1 and imposed a ten year term for the offense, plus a three-year firearm specification, for a total of thirteen years of imprisonment. Copley assigns three errors that we shall address out of their predesignated order.

## Ineffective Assistance

{¶9} In his third assigned error, Copley argues that his trial counsel was ineffective for advising him to plea no contest because this subjected him to the possibility of receiving a fifty-year prison term. He maintains that his counsel was "not prepared to argue about the merger of allied offenses," and was unaware that the probation department could not find a witness to the crime. He also complains that counsel did not appear for the final hearing until ordered to do so.

{¶10} We review a claim of ineffective assistance of counsel under a two-part test that requires the defendant to demonstrate: (1) trial counsel's performance fell below an objective standard of reasonable representation; and (2) prejudice arose from the deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 141-143, 538 N.E.2d 373 (1989), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶11} In evaluating the alleged deficiencies in performance, our review is highly deferential to counsel's decisions as there is a strong presumption counsel's conduct fell within the wide range of reasonable professional assistance. *Bradley* at 142-143, citing *Strickland* at 689. Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts are to refrain from second-guessing the strategic decisions of trial counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). Debatable trial tactics generally do not constitute a deprivation of effective counsel. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 806, ¶ 278.

{¶12} To show prejudice, a defendant must prove that the lawyer's deficiency was so serious that there is a reasonable probability the result of the proceeding would have been different. *Strickland* at 694.

{¶13} With regard to the issue of Copley's potential exposure to a fifty-year sentence, the significant question is whether legally correct sentencing information was provided. *See State v. Ingram*, 8th Dist. Cuyahoga No. 89954, 2008-Ohio-3033, ¶ 18. Here, sentencing information was provided, and in any event, the potential fifty-year sentence was not imposed, as Copley received a significantly shorter term. Therefore, he cannot show prejudice from his claim about potential exposure to the fifty-year sentence from the no contest plea.

{¶14} As to the claim that counsel was not prepared to argue about the issue of merger, the record discloses that defendant's trial counsel flagged the issue of the merger of firearm specifications for the court's attention. The record also indicates that after speaking with defense counsel, the prosecuting attorney "agree[d] that Counts 2, 3 and 4 merge with Count 1 for purposes of sentencing." From the record, there is no basis upon which to conclude that defendant's trial counsel committed an error on this issue.

{¶15} With regard to the claim that defense counsel lacked information concerning the witness that the probation department could not locate, the record indicates defense counsel stated on the record that the employee could not be located. However, the state indicated that the employee had been served with a subpoena but was too fearful to appear for the hearing. Therefore, this issue was addressed below. In addition, the robbery was captured on video surveillance, and the assailants were chased by another employee after the crime. They were apprehended by police as they fled. Copley also confessed and apologized. Accordingly, there is no showing that Copley has been prejudiced by the witness's unavailability.

{¶16} As to defense counsel's late arrival to the hearing, we note that counsel's late arrival to a hearing is not ineffective assistance in the absence of prejudice. *See State v. Dixon*, 3rd Dist. Union No. 14-95-21, 1996 Ohio App. LEXIS 310 (Jan. 8, 1996). Here, the record

demonstrates that defense counsel was in a domestic relations hearing at the time of the final hearing, and sent another attorney on his behalf. However, he appeared promptly when the court summoned him. Later in the hearing, he secured the 13-year sentence that was the aim of his strategy for the case. The record does not demonstrate prejudice from this issue.

{¶17} The third assigned error is without merit.

## Motion to Disqualify Counsel

{¶18} In his second assigned error, Copley complains that the trial court erred in failing to investigate his motion to disqualify his appointed counsel.[1] In *State v. Corbin*, 8th Dist. Cuyahoga No. 96484, 2011-Ohio-6628, ¶ 19, this court held:

> Ordinarily, when an indigent accused moves to disqualify his or her counsel, it is the duty of the trial court to inquire into the complaint and make it a part of the record. *State v. Lozada*, Cuyahoga App. No. 94902, 2011-Ohio-823, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48 ¶ 139. The inquiry need only be brief and minimal. *Id.*

{¶19} In this case, the record indicates that Copley filed a pro se motion to disqualify his attorney, and complained that he believed that he would receive six-to-nine years of imprisonment. The court reiterated that all potential penalties were explained to Copley prior to the plea. The record also indicates that Copley acknowledged that no promises were made to him. Defense counsel stated that he believed that the absolute minimum term was six-to-nine years. However, the court reminded the parties that this "is his second robbery."

{¶20} From the foregoing, the record demonstrates that the trial court held the requisite inquiry. We find no prejudicial error.

## Motion to Vacate No Contest Plea

---

[1]When a trial court enters judgment without expressly determining a pending motion, the motion is impliedly overruled. *Maust v. Palmer*, 94 Ohio App.3d 764, 769, 641 N.E.2d 818 (10th Dist.1994).

**{¶21}** In his first assigned error, Copley argues that the trial court abused its discretion in denying his motion to vacate his no contest plea. He argues that his no contest plea subjected him to the possibility of receiving a fifty-year prison term, and the court did not give him a fair hearing.

**{¶22}** In *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), this court held that a trial court does not abuse its discretion in denying a presentence motion to withdraw a plea where the record reflects: (1) the defendant is represented by highly competent counsel; (2) the defendant was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) the defendant was given a complete and impartial hearing on the motion to withdraw the plea and (4) the trial court gave full and fair consideration to the plea withdrawal request. *Id.* at paragraph three of the syllabus.

**{¶23}** Additional factors also include: (1) whether the motion was made in a reasonable time; (2) whether the motion states specific reasons for withdrawal; (3) whether the defendant understood the nature of the charges and the possible penalties and (4) whether the defendant was perhaps not guilty or had evidence of a plausible defense. *State v. Musleh*, 8th Dist. Cuyahoga No. 105305, 2017-Ohio-8166, ¶ 38, citing *State v. Calabrese*, 8th Dist. Cuyahoga No. 104151, 2017-Ohio-7316, ¶ 12, and *State v. Small,* 8th Dist. Cuyahoga No. 104813, 2017-Ohio-110, ¶ 8.

**{¶24}** In this case, we find no abuse of discretion. The record demonstrates that Copley had very competent counsel, and was afforded a full Crim.R. 11 hearing before he entered the no contest plea. From the record, it is clear that Copley was given thorough information about the charges and penalties, and he stated that he understood. He also received a complete and impartial hearing on the motion to withdraw the plea, and the trial court gave full and fair consideration to the plea withdrawal request. The record also indicates that the case presented many challenges from a defense standpoint and that the state's best offer involved more prison time than Copley actually received. In our view, the record suggests that Copley was fearful about having pled to the entire indictment, and counsel's tactic of pleading no contest to the entire indictment, in hopes of obtaining a sentence that was more lenient than that offered by the state. Although we can appreciate the potential perils of this strategy, it was ultimately successful and was not unreasonable herein. We find no abuse of discretion in connection with the denial of the motion to vacate the plea.

**{¶25}** The assigned error is without merit.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR